

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00379-CR

**MARKQUAL DARNELL PALACIO,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. 15-22749

## DISSENTING OPINION

This Court embarked upon an extensive review and discussion of its *Anders* procedure in *Cummins*. *Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd). In *Cummins*, we were careful to distinguish between reversible error and nonreversible error. *Id.* If the alleged error impacts guilt or punishment, it can only be raised in a merits brief. *See e.g. id*. at 614, 618-619, n.10.

Although wrapped up and labeled an *Anders/Allison* brief, in which only nonreversible errors on the merits can be raised, the error raised in this appeal is about

punishment – a fine. We have routinely ignored the wrapper and treated such briefs for what they are, a brief on the merits of a nonfrivolous issue. *See Vaughn v. State*, Nos. 10-17-00275-CR & 10-17-00276-CR, 2018 Tex. App. LEXIS 1888, **2-3 (Tex. App.—Waco Mar. 14, 2018, no pet.) (not designated for publication); *Hines v. State*, Nos. 10-13-00286-CR, 10-13-00292-CR, 2014 Tex. App. LEXIS 5768, at *4 (Tex. App.—Waco May 29, 2014, pet. ref'd) (not designated for publication). *See also Cummins v. State*, 646 S.W.3d 605, 614, 618-19, n.10 (Tex. App.—Waco 2022, pet. ref'd).

The Court disregarded its precedent on this issue. It was readily apparent upon review of the record that no fine had been pronounced at the sentencing hearing, as it must be to be included in the judgment, and the purported court costs was the balance due on the fine. This was the only issue briefed. It could have been disposed of at that point in a quick two-page opinion.

But rather than dispose of the appeal, the Court abated the appeal. The alleged basis of the abatement was via the use of a procedure to which I had repeatedly dissented. *See e.g. Willingham v. State*, No. 10-21-00158-CR (Tex. App.—Waco Oct. 19, 2022, order) (not designated for publication); *Carnley v. State*, No. 10-21-00104-CR (Tex. App.—Waco Oct. 19, 2022, order) (not designated for publication); *Welch v. State*, 668 S.W.3d 54 (Tex. App.—Waco 2022, order); *Rios v. State*, No. 10-21-00266-CR (Tex. App.—Waco, June 9, 2023, order) (not designated for publication) and others. I dissented to its use in those appeals and this appeal as well. Nevertheless, the appeal was abated.

That is when our real problems began. The trial court, faced with what was so clearly an error, simply signed a nunc pro tunc judgment. I understand why the trial

court did it. The Court essentially forced the trial court into doing it; but we erred in doing so. We cannot abate a proceeding to require a trial court to fix an error that does not prevent a proper presentation on appeal. *See* TEX. R. APP. P. 44.4; *Carnley v. State*, No. 10-21-00104-CR, 2023 Tex. App. Lexis 8896, *22-31 (Tex. App.—Waco Nov. 30, 2023) (publish) (Gray, C.J., dissenting). I have argued strenuously against the use of this procedure. *Id.*

The Court has now used the procedure beyond reviewing the assessment of mandatory court costs; now, it is being used to allow the trial court to review sentencing errors in the judgment. Just one of the many problems in using this procedure is that we now have a judgment from which no appeal was taken—the Nunc Pro Tunc Judgment—and the defendant cannot get that judgment properly reviewed without starting an entirely new appeal. *See Carnley v. State*, No. 10-21-00104-CR, 2023 Tex. App. Lexis 8896, *4-46 (Tex. App.—Waco Nov. 30, 2023) (publish) (Gray, C.J., dissenting). Because we have no certification of the right to appeal or a timely notice of appeal, that appeal, of the nunc pro tunc judgment, will require the granting of a writ of habeas corpus for an out-of-time appeal.

In summary, I would follow this Court's precedent in *Hines/Vaughn/Cummins*, consider the issue on its merits, reform the judgment to delete the fine, affirm the judgment as reformed, and dismiss counsel's motion to withdraw as moot. *See Vaughn v. State*, Nos. 10-17-00275-CR & 10-17-00276-CR, 2018 Tex. App. LEXIS 1888, **2-3 (Tex. App.—Waco Mar. 14, 2018, no pet.) (not designated for publication); *Hines v. State*, Nos. 10-13-00286-CR, 10-13-00292-CR, 2014 Tex. App. LEXIS 5768, at *4 (Tex. App.—Waco

May 29, 2014, pet. ref'd) (not designated for publication).  *See also Cummins v. State*, 646

S.W.3d 605, 614, 618-19, n.10 (Tex. App.—Waco 2022, pet. ref'd).[1]


TOM GRAY
Chief Justice

Dissent delivered and filed December 28, 2023



---

[1] I would also order the trial court to withdraw the void nunc pro tunc judgment it signed on September 20, 2023.  I note that if the Court is correct in its ability to even consider the judgment nunc pro tunc in this appeal, then it should perform its independent review of that judgment.